UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SPECTRUM NORTHEAST, LLC, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>AARON FREY, in his official capacity as Attorney General for the State of Maine,<br><br>　　　　　　　Defendant. | Case No. 1:20-cv-00168-JDL |

**JOINT MOTION TO GRANT SUMMARY JUDGMENT TO PLAINTIFFS
AND ENTER FINAL JUDGMENT**

Plaintiffs Spectrum Northeast, LLC and Charter Communications, Inc. and Defendant Aaron Frey hereby jointly stipulate that, in light of the Court's holding that Public Law 2020, ch. 657, "An Act To Require a Cable System Operator To Provide a Pro Rata Credit When Service Is Cancelled by a Subscriber" (to be codified at 30-A M.R.S.A. § 3010(1-A)) (the "Pro Rata Law"), is preempted by the Cable Communications Policy Act of 1984, 47 U.S.C. §§ 521-573 (the "Cable Act") as a matter of law, ECF No. 28, at 16, there are no remaining genuine issues of fact for the Court to resolve and that Plaintiffs are entitled to judgment as a matter of law.  The parties therefore respectfully request that the Court grant summary judgment in Plaintiffs' favor declaring that the Pro Rata Law is preempted and enter final judgment for the Plaintiffs, without prejudice to Defendant's right to appeal.  Defendant agrees that he will not seek to enforce, directly or indirectly, the Pro Rata Law absent vacatur or reversal of this Court's judgment.  Because both parties consent to the motion, and in the interest of expediting the disposition of this case, the parties respectfully request that the Court waive the requirements of Local Rule 56.

In support of this motion, the parties hereby state as follows:

1

12473996.1

1. On May 11, 2020, Plaintiffs filed a complaint in this Court alleging that Maine's Pro Rata Law impermissibly regulates rates for the provision of cable service and is preempted by the Cable Act. ECF No. 1. Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201(a) and 2202 that the Pro Rata Law is preempted by the Cable Act and operation of the Supremacy Clause of the United States Constitution and therefore is void and of no force or effect. *Id.* at 16. Plaintiffs also filed a motion for preliminary injunction to enjoin Defendant from enforcing the Pro Rata Law. ECF No. 4.

2. On June 2, 2020, Defendant filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 12. The sole basis for Defendant's motion was the contention that Maine's Pro Rata Law is not preempted as a matter of law. On the same day, Defendant also filed an opposition to Plaintiffs' motion for preliminary injunction. ECF No. 13.

3. On June 5, 2020, the Court held a conference with the parties to discuss the briefing schedules for Plaintiffs' motion for preliminary injunction and Defendant's motion to dismiss. ECF No. 16. In a minute order issued the same day, the Court stayed the briefing schedule for Plaintiffs' motion for preliminary injunction pending the Court's decision on Defendant's motion to dismiss. *Id.* In the event the Court denied Defendant's motion to dismiss, the Court's minute order provided that Plaintiffs' reply brief would be due within seven days of the Court's order. *Id.* Defendant agreed to postpone enforcement of Maine's Pro Rata Law pending the Court's decision on the parties' motions. *Id.*

4. The parties fully briefed Defendant's motion to dismiss and the federal preemption question at issue in this case. *See* ECF Nos 12, 19, 21. On July 21, 2020, the Court held oral argument on Defendant's motion to dismiss and ordered supplemental briefing on the motion.

ECF No. 22.  The parties timely filed their supplemental briefs in response to the Court's order.  ECF Nos. 25- 27.

5.  On October 7, 2020, the Court issued an order denying Defendant's motion to dismiss and holding that "Maine's Pro Rata Law is unambiguously preempted by §§ 543(a)(2) and 556(c) of the Cable Act."  ECF No. 28, at 16.

6.  On October 8, 2020, the Court ruled that the deadline for Plaintiffs' reply brief in support of their motion for preliminary injunction would not be reset.  ECF No. 29.  Instead, the Court directed the parties to confer, attempt to agree on a procedure to address the motion for preliminary injunction, and submit a proposed stipulated procedural order to the Court by October 16, 2020.  *Id.*

7.  Pursuant to the Court's order, the parties have conferred and agree that Plaintiffs are entitled to final judgment in their favor in light of the Court's ruling that the Pro Rata Law is preempted as a matter of law.  On October 16, 2020, the parties filed a joint stipulation requesting a conference with the Court to discuss the most efficient means for proceeding to final judgment.  ECF No. 30.

8.  Under Federal Rule of Civil Procedure 56, the Court may grant a motion for summary judgment "at any time until 30 days after the close of all discovery."  Fed. R. Civ. P. 56(b).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The parties agree that there are no genuine issues of material fact left for the Court to resolve, and the Court's holding that Maine's Pro Rata Law is preempted entitles Plaintiffs to judgment as a matter of law.  Moreover, the Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C.§ 2201(a); *see also* Fed. R. Civ. P. 57. Accordingly, the parties respectfully request that the Court enter summary judgment in Plaintiffs' favor and declare that the Pro Rata Law is preempted.

9. Because the case presents a single, dispositive legal issue for appeal, entering judgment now would avoid unnecessary litigation and waste of judicial resources. Accordingly, the parties respectfully request that the Court enter final judgment to facilitate an appeal of the Court's legal conclusion regarding preemption.

10. While Defendant contends that the Court erred in concluding that Maine's Pro Rata Law is preempted by the Cable Act, he agrees that inasmuch as there is no factual dispute and the preemption issue is purely a legal one, the Court's ruling on his motion to dismiss makes any further proceedings in this Court unnecessary and warrants the entry of final judgment in favor of Plaintiffs and the award of declaratory relief. Defendant joins in this motion solely to facilitate appeal, and Defendant expressly and unequivocally reserves his right to appeal from the Court's final judgment and all associated orders. *Robb Evans & Assocs., LLC v. United States*, 850 F.3d 24, 30 (1st Cir. 2017). Defendant agrees that he will not seek to enforce, directly or indirectly, the Pro Rata Law absent vacatur or reversal of this Court's judgment.

\* \* \*

For all of these reasons, the parties respectfully request that the Court grant summary judgment in Plaintiffs' favor declaring that the Pro Rata Law is preempted and enter final judgment for the Plaintiffs without prejudice to Defendant's right to appeal.

12473996.1

Dated: October 29, 2020

AARON M. FREY
Attorney General

/s/ Paul E. Suitter
Paul E. Suitter
Assistant Attorney General
paul.suitter@maine.gov
Christopher C. Taub
Deputy Attorney General
christopher.c.taub@maine.gov
Six State House Station
Augusta, Maine 04333-0006
Tel. (207) 626-8800
Fax (207) 287-3145

Respectfully submitted,

/s/ Joshua D. Dunlap
Joshua D. Dunlap
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME 04101
(207) 791-1100
jdunlap@pierceatwood.com

Howard J. Symons (*pro hac vice*)
Matthew S. Hellman (*pro hac vice*)
Jonathan A. Langlinais (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
(202) 639-6000
hsymons@jenner.com
mhellman@jenner.com
jlanglinais@jenner.com

*Counsel for Plaintiffs Spectrum Northeast, LLC and Charter Communications, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2020, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system which will distribute a copy of the document to all counsel of record.

| | |
|---|---|
| Dated: October 29, 2020 | /s/ Joshua D. Dunlap<br>Joshua D. Dunlap<br>PIERCE ATWOOD LLP<br>Merrill's Wharf<br>254 Commercial Street<br>Portland, ME 04101<br>(207) 791-1100<br>jdunlap@pierceatwood.com<br><br>*Counsel for Plaintiffs Spectrum Northeast, LLC and Charter Communications, Inc.* |

12473996.1